Filed 1/31/23 P. v. Gallow CA2/1
Opinion following transfer from Supreme Courty

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B300252 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA091853) |
| v. | |
| WHITNEY GALLOW, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Laura F. Priver, Judge. Reversed.

John Lanahan, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta and Xavier Becerra, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill, Amanda V. Lopez and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

Whitney Gallow appeals the trial court's denial of his petition for relief under Penal Code[1] section 1172.6 (former section 1170.95).[2] We previously affirmed the court's order in an unpublished opinion. (*People v. Gallow* (Aug. 26, 2021, B300252) (*Gallow II*).) Our Supreme Court granted review and transferred this case back to us with directions to vacate our decision and to reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). We have vacated our decision, received supplemental briefing, reconsidered the cause, and now reverse the trial court's order with directions to conduct an evidentiary hearing under section 1172.6.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1994, a jury convicted Gallow of two counts of murder (§ 187, subd. (a)), one count of attempted murder (§§ 187, 664), and one count of robbery (§ 211). The jury found true felony-murder (§ 190.2, subd. (a)(17)) and multiple murder (§ 190.2, subd. (a)(3)) special circumstance allegations as to both counts of murder, and found that Gallow personally used a handgun in the commission of the murders (§ 12022.5, subd. (a)). The jury rejected an allegation that Gallow personally inflicted great bodily injury in the commission of the attempted murder (§ 12022.7, subd. (a)). The trial court sentenced Gallow to two consecutive terms of life in prison without the possibility of

---

[1] Subsequent unspecified statutory references are to the Penal Code.

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in its text (Stats. 2022, ch. 58, § 10). For the sake of consistency, we will refer to the current statutory designation.

parole for the murders, plus an additional term of life with the possibility of parole for attempted murder, plus 15 years for three firearm enhancements.

In Gallow's direct appeal, we struck two of the firearm enhancements but otherwise affirmed the judgment. (*People v. Gallow* (Sep. 20, 1996, B088383) [nonpub. opn.] (*Gallow I*).)

On May 23, 2019, Gallow filed in the superior court a facially sufficient petition for resentencing under section 1172.6 and requested the appointment of counsel. The court did not appoint counsel for Gallow and summarily denied the petition on the ground that Gallow actually killed both victims and was the only shooter in the case.

Gallow timely appealed.

We held that, under *People v. Lewis* (2021) 11 Cal.5th 952, the trial court erred by denying his petition without appointing counsel to represent him. (*Gallow II, supra,* B300252.) We concluded, however, that the error was harmless because the jury had found true the felony-murder special circumstance allegation. We explained that, "[i]n order to find the felony-murder special circumstance true, the jury must have found that Gallow either was the actual killer, that he was not the actual killer but acted with the intent to kill in aiding, abetting, soliciting, or assisting in the murder, or, at a minimum, that he was a major participant in the felony and acted with reckless indifference to human life. This is the same finding required for a conviction of felony murder under the newly amended section 189. (See § 189, subd. (e)(3).) He is therefore ineligible for resentencing as a matter of law because he cannot show that he 'could not be convicted of first or second degree murder

3

because of changes to Section 188 or 189 made effective'
[January 1, 2019]." (*Gallow II, supra,* B300252.)

We expressly rejected Gallow's argument that the jury's
finding on the felony-murder special circumstance was not
dispositive of his petition because, after the jury made that
finding, our Supreme Court clarified the requirements of that
special circumstance in *People v. Banks* (2015) 61 Cal.4th
788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).

The Supreme Court granted Gallow's petition for review
and held the case pending consideration of its review of *People v.
Strong* (Dec. 18, 2020, C091162) [nonpub. opn.], revd. (2022)
13 Cal.5th 698. (*People v. Gallow*, S271211, Supreme Ct. Mins.,
Nov. 10, 2021, p. 1579.)

The Supreme Court decided *Strong* on August 8, 2022 and,
on November 22, 2022, transferred the instant case to this court
with directions to vacate our decision and reconsider the cause in
light of *Strong*. (*People v. Gallow*, S271211, Supreme Ct. Mins.,
Nov. 22, 2022, p. 1465.)

## DISCUSSION

Under section 1172.6, a defendant "convicted of felony
murder" may file a petition to have the murder conviction
vacated and "be resentenced on any remaining counts."
(§ 1172.6, subd. (a).) A defendant makes a prima facie case
for relief under this section if, among other requirements, the
defendant "could not presently be convicted of murder" under
the amendments to sections 188 or 189 that became effective
on January 1, 2019. (§ 1172.6, subd. (a)(3).) These statutes, as
amended, still authorize a murder conviction under the felony
murder doctrine if the defendant "was a major participant in the
underlying felony and acted with reckless indifference to human

4

life." (§ 189, subd. (e)(3).) Thus, if these facts can be established as a matter of law based on the record of the defendant's conviction, the court may determine that the defendant has failed to make a prima facie case for relief and deny the defendant's petition without an evidentiary hearing. (*Lewis, supra*, 11 Cal.5th at p. 971.)

In *Strong, supra*, 13 Cal.5th 698, as in the instant case, the defendant's jury found true the special circumstance that he was a "major participant" who acted with "reckless indifference to human life." (*Id.* at p. 703.) There, as here, the jury's finding was made prior to the Supreme Court's decisions in *Banks, supra,* 61 Cal.4th 788 and *Clark, supra,* 63 Cal.4th 522, "which for the first time provided substantial guidance on the meaning of the two relevant statutory phrases." (*Strong, supra*, 13 Cal.5th at p. 703.)

In *Strong*, the trial court had summarily denied the defendant's petition under section 1172.6 on the ground that jury's pre-*Banks* and pre-*Clark* finding was binding. The Supreme Court reversed, and explained that *Banks* and *Clark* "substantially clarified the law governing findings under . . . section 190.2, subdivision (d): *Banks* elucidated what it means to be a major participant and, to a lesser extent, what it means to act with reckless indifference to human life, while *Clark* further refined the reckless indifference inquiry." (*Strong, supra,* 13 Cal.5th at pp. 706–707.) As a result, facts that would support a jury finding that a defendant was a major participant or had acted with reckless disregard for life prior to *Banks* and *Clark* would not necessarily be sufficient to support the same finding after *Banks* and *Clark*. Thus, "unless a defendant was tried after *Banks* was decided, a major participant

5

finding will not defeat an otherwise valid prima facie case. And unless a defendant was tried after *Clark* was decided, a reckless indifference to human life finding will not defeat an otherwise valid prima facie case." (*Id.* at p. 721)

In sum, after *Strong*, a pre-*Banks* and pre-*Clark* special circumstance finding does not support a summary denial of a section 1172.6 petition. Unless there is some other reason for concluding that the defendant failed to make a prima facie showing for relief, the matter must proceed to an evidentiary hearing.

Here, the only basis for our affirmance of the trial court's denial is that the court's error in failing to appoint counsel for Gallow was harmless because the jury had found that he was a major participant in the underlying felony and acted with reckless indifference to human life. Because these findings were made prior to *Banks* and *Clark*, the instant case is indistinguishable from *Strong*. We therefore agree with the Attorney General, who concedes that "the matter should be remanded for the trial court to issue an order to show cause and conduct an evidentiary hearing" pursuant to section 1172.6, subdivision (d)(3). (Capitalization omitted.)

## DISPOSITION

The court's order denying defendant's petition for resentencing is reversed, and the matter is remanded for the court to conduct an evidentiary hearing under section 1172.6.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

BENDIX, J.

WEINGART, J.

7